IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALERIE KINMAN, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.  25 C 7539 |
| v. ) ) ) | Judge Robert W. Gettleman |
| SARAYA USA, INC. d/b/a Lakanto, a Utah corporation, ) ) ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Valerie Kinman filed a complaint in this court (the "Illinois Action") against defendant Saraya USA, Inc., alleging that defendant made misleading statements on the labels of its "Lakanto Monkfruit Sweetener" product, which plaintiff alleges she purchased in Illinois at a time when she "resided in Illinois." Plaintiff brought the case as a class action under the Class Action Fairness Act ("CAFA") (28 U.S.C. § 1332(d)) on behalf of: herself; a multi-state class of consumers who purchased defendant's products in Florida, Illinois, Massachusetts, Michigan, Minnesota, New Jersey, and Washington; and an Illinois subclass of consumers who purchased defendant's products in Illinois. Plaintiff alleges that by making misleading statements on its product labels, defendant violated the laws of those states (including consumer-protection laws).

Roughly an hour before plaintiff filed the Illinois Action, plaintiff's counsel filed a similar class action against defendant on behalf of a California plaintiff and a California class in the Northern District of California (the "California Action"). The California Action alleges that defendant violated several California laws based on the same product labeling.

Defendant has moved to dismiss, or alternatively to transfer, the Illinois Action. As for transfer, defendant argues that the court should transfer the Illinois Action under 28 U.S.C. § 1404(a) to the District of Utah, where defendant is incorporated and has its principal place of business. In response, plaintiff filed its own motion to transfer the Illinois Action under § 1404(a) to the Northern District of California, where, she asserts, the case can be consolidated with the California Action. The court is thus faced with dueling transfer motions. As a result, the court stayed briefing on defendant's motion to dismiss pending the court's ruling on the transfer motions. For the reasons below, the court denies plaintiff's motion to transfer, and grants defendant's motion to transfer.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Transfer under § 1404(a) is appropriate when: "(1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." Hirst v. SkyWest, Inc., 405 F. Supp. 3d 771, 775 (N.D. Ill. 2019) (citation omitted).

### Plaintiff's Motion to Transfer to the Northern District of California

Plaintiff hinges her motion to transfer on the "interest of justice" factor. She asserts that transferring this case to the Northern District of California (a district defendant has not consented to litigating this case in) would serve the interests of justice because, by transferring there, the court would be placing the Illinois Action in the same district as the California Action—where

2

the two cases could be consolidated. Putting aside that plaintiff's counsel is the one who filed the two cases in two different districts to begin with, plaintiff's motion fails for a threshold reason: She fails to show that this case might have been originally brought in California.

"As used in § 1404(a), the phrase 'district where it might have been brought' means 'the district where plaintiff has a recognized right to bring his case under the Venue Act and that this right was unqualified and absolute, not depending upon consent of the defendant, evidenced by waiver, entry of appearance, or otherwise.'" BRH-Garver Constr., LLC v. BankFinancial, N.A., No. 22-CV-1449, 2023 WL 5334610, at *3 (N.D. Ill. Aug. 18, 2023) (quoting Blaski v. Hoffman, 260 F.2d 317, 320-21 (7th Cir. 1958), aff'd, 363 U.S. 335 (1960)). Thus, "if for any reason the plaintiff's exact same case could not be brought as a matter of right in the transferee district (e.g., due to a lack of personal jurisdiction over defendants or a lack of subject matter jurisdiction in the transferee district) then the transferee district would not be a district 'where it might have been brought' under 28 U.S.C. § 1404(a)." Holman v. AMU Trans, LLC, No. 14 C 04407, 2015 WL 3918488, at *2 (N.D. Ill. June 25, 2015) (citation omitted).

Plaintiff has failed to show that defendant would have been subject to personal jurisdiction in California, and has therefore failed to show that this exact case could have been brought as a matter of right in the Northern District of California. Plaintiff's complaint pleads only state—not federal—claims. The Illinois Action is thus based on diversity jurisdiction. That is so, even though plaintiff filed it as a class action under CAFA. See Sloan v. Gen. Motors LLC, 438 F. Supp. 3d 1017, 1021 (N.D. Cal. 2020) (explaining that even if CAFA provides a basis for jurisdiction, it is merely an "expansion of diversity jurisdiction" and "does not, on its own, purport to establish federal question jurisdiction"). So although plaintiff need

not show that the court in California would have personal jurisdiction over defendant for the claims of the <u>unnamed</u> class members, plaintiff, as the "named representative[ ]," must "be able to demonstrate . . . personal jurisdiction" for her claim.  <u>Vanegas v. Signet Builders, Inc.</u>, 113 F.4th 718, 724 (7th Cir. 2024) (citation omitted); <u>see also LeGrand v. Abbott Lab'ys</u>, 655 F. Supp. 3d 871, 884 (N.D. Cal. 2023) ("California district courts considering the issue have largely determined that named, out-of-state, class-action plaintiffs in cases based on diversity jurisdiction must establish personal jurisdiction.").

To determine if defendant would have been subject to personal jurisdiction as to plaintiff's claim in California, the court looks to California's long-arm statute.  Cf. <u>Cont'l Illinois Nat. Bank & Tr. Co. of Chicago v. Lopez</u>, No. 85 C 8372, 1986 WL 4434, at *1 (N.D. Ill. Apr. 7, 1986) (looking to Nevada's long-arm statute for motion to transfer to the District of Nevada).  California's long-arm statute extends jurisdiction as far as the due process clause of the federal constitution allows.  <u>LeGrand</u>, 655 F. Supp. 3d at 882 (citing Cal. Civ. P. Code § 410.10).  So the issue here merges into whether the exercise of personal jurisdiction over defendant comports with federal due process.  <u>Id.</u>

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'"  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471-72 (1985) (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 319 (1945)).  The Supreme Court has translated this notion into a "minimum contacts" test.  Under that test, courts may exercise personal jurisdiction over a defendant that is "not present within the territory of the forum" if "he ha[s] certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair

4

play and substantial justice.'"  Int'l Shoe, 326 U.S. at 316 (citation omitted).

The Supreme Court's focus on a defendant's "minimum contacts" with the forum has led it to "recognizing two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction."  Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 358 (2021).  A court "may exercise general jurisdiction"—that is, jurisdiction over "'any and all claims' brought against a defendant"—"only when [that] defendant is 'essentially at home' in the State."  Id. (citation omitted).  For a corporation, that generally means "its place of incorporation and principal place of business."  Id. at 359.  "Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims."  Id.  For specific jurisdiction, the defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State," and the "plaintiff's claims . . . must arise out of or relate to the defendant's contacts" with that forum.  Id. (cleaned up).

Here, plaintiff has established neither general nor specific jurisdiction in California.  As for the former, there is no evidence that defendant—a Utah corporation with a principal place of business in Utah—is essentially "at home" in California.  Nor does plaintiff meaningfully argue otherwise.  As for the latter, even though defendant may have availed itself of the privilege of conducting activities in California by selling its sweetener product there, plaintiff has not shown that her claim arises out the defendant's activities there.  As defendant states (without any meaningful response from plaintiff):

> The product labels were designed in Utah. . . . Plaintiff . . . purchased the product in Illinois and allegedly suffered harm in Illinois. [Plaintiff] asserts claims under Illinois law and other states, but not the laws of California. And [plaintiff] purports to represent classes of individuals residing in Illinois and other states, but not

California.

In fact, defendant further notes, "the word 'California' is not even mentioned in Plaintiff's Complaint."

Plaintiff's claim's connection to California, then, is just as tenuous as the plaintiffs' claims' connections were to California in <u>Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.</u>, 582 U.S. 255 (2017)—where the Supreme Court found that California courts did not have specific jurisdiction for non-California-resident plaintiffs' misleading advertising claims against Bristol-Myers over its pill, Plavix. In <u>Bristol-Myers</u>, "both the [California-]resident and nonresident plaintiffs' claims [were] based on the same allegedly defective product and the assertedly misleading marketing . . . of that product." 582 U.S. at 260 (citation omitted). But the nonresident plaintiffs had not been prescribed Plavix in California, had not purchased Plavix in California, had not ingested Plavix in California, and had not sustained their injuries in California. <u>Id.</u> at 264. So the California forum, and Bristol-Myers' activities there, lacked a sufficient connection to the nonresident plaintiffs' claims—even though "*other* [resident] plaintiffs were prescribed, obtained, and ingested Plavix in California . . . and allegedly sustained the same injuries as did the nonresidents." <u>Id.</u> at 265 (emphasis in original).

Here, like there, both plaintiff's and the California plaintiff's claims are based on the same product labeling. But plaintiff here, like the nonresident plaintiffs in <u>Bristol-Myers</u>, is not a resident of California, did not purchase defendant's product in California, and did not sustain an injury in California. So just as in <u>Bristol-Myers</u>, the California forum, and defendant's activities there, lack a sufficient connection to plaintiff's claims for the court in California to exercise personal jurisdiction over defendant. And that "remains true even" though the

6

California plaintiff has asserted "claims similar to those brought by" plaintiff here.  Id.[1]

Perhaps sensing this, plaintiff argues that even if specific jurisdiction were lacking, it would not matter here because the California court could still exercise "pendent personal jurisdiction" over defendant.  The court disagrees.  There are two "forms" of pendent jurisdiction: "pendent claim and pendent party personal jurisdiction."  Vanegas, 113 F.4th at 727 (citation omitted).  Pendent claim personal jurisdiction "permits courts asserting personal jurisdiction over one claim to extend that jurisdiction to another related claim by the same plaintiff."  Id.  Pendent party personal jurisdiction "is similar, except the two claims come from two different parties."  Id.  Plaintiff here relies on pendent party jurisdiction.

But her reliance on it is misplaced.  First, "nearly every court considering the issue has concluded [that] pendent party jurisdiction cannot be exercised by a federal court sitting in diversity."  Sloan v. Gen. Motors LLC, No. 16-CV-07244-EMC, 2019 WL 6612221, at *9 (N.D. Cal. Dec. 5, 2019).  And, as explained above, any federal court in this case would be "sitting in diversity."  Second, even if the court in California could exercise pendent party jurisdiction over defendant, it would do so only as a matter of discretion.  See Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1181 (9th Cir. 2004) ("[W]e hold that the actual exercise of personal pendent jurisdiction in a particular case is within the discretion of the district court.").  That means that even if pendent party jurisdiction could be applied,

---

[1] Although Bristol-Myers involved the exercise of jurisdiction by a state court, and the Court left "open the question of whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court," id. at 265, any federal court in this case would be sitting in diversity, and thus looking to state law.  So Bristol-Myers applies here. LDGP, LLC v. Cynosure, Inc., No. 15 C 50148, 2018 WL 439122, at *2 n.2 (N.D. Ill. Jan. 16, 2018)

plaintiff would still lack "a recognized," "unqualified and absolute" right to bring her case in the Northern District of California that is required for a transfer. BRH-Garver, 2023 WL 5334610, at *3 (citation omitted).

Because plaintiff has failed to show that defendant would have been subject to personal jurisdiction in California, the Northern District of California is not a district in which this case might have been brought. As a result—and as much as it might make sense to transfer this case to California for consolidation with the California Action—the court cannot do so. See Hirst, 405 F. Supp. 3d at 776 ("[W]here venue is improper in the transferee court, the action may not be transferred even if the interest of justice and convenience of the parties and witnesses would favor transfer."). The court therefore denies plaintiff's motion to transfer.

### Defendant's Motion to Transfer to the District of Utah

Unlike with plaintiff's motion, there is no dispute that this case could have been brought in the District of Utah, where defendant is incorporated and has its principal place of business. There is also no dispute that venue is proper here, in the Northern District of Illinois. So the question is whether it is in the interest of party-convenience and justice to transfer this case to Utah. Defendant argues that it plainly is because Utah is "where [defendant]'s headquarters is located, [where] key witnesses and relevant documents are located, and where the vast majority of the alleged wrongful acts occurred." In response, plaintiff filed a brief that merely "incorporate[d] by reference" plaintiff's own motion to transfer and her memorandum and declaration in support thereof. But arguments "incorporated by reference" are "waived." Kove IO, Inc. v. Amazon Web Servs., Inc., 745 F. Supp. 3d 685, 701 (N.D. Ill. 2024); see also Parker v. Franklin Cnty. Cmty. Sch. Corp., 667 F.3d 910, 924 (7th Cir. 2012) ("[B]riefs may not

8

incorporate other documents by reference."). Regardless, the court agrees with defendant that transfer to Utah will best serve the convenience of the parties and witnesses and the interests of justice.

Starting with convenience, courts consider: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." Hirst, 405 F. Supp. 3d at 775 (citation omitted). As for plaintiff's choice of Illinois as the forum, her choice is entitled to little or no weight. For one thing, plaintiff purports to represent a multi-state class involving the laws of seven states, "and a plaintiff's choice of forum is afforded less deference when the plaintiff represents a class." Id. at 777 (cleaned up). For another thing, plaintiff herself has moved to transfer this case out of Illinois. She thus "recognizes that her choice of forum of Illinois is not entitled to deference."

Turning to the other four convenience factors, they all favor transfer. As for the situs of material events, "the conduct which is the focus of this suit is decisions by Defendant[ ] to market and sell" Lakanto Monkfruit Sweetener "with allegedly misrepresented" information on the labels—"not the purchases by Plaintiff[ ]." Jaramillo v. DineEquity, Inc., 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009) (granting motion to transfer class action that alleged that the defendants misrepresented the Weight Watchers POINTS® content in certain Applebee's menu items); see also Jasper v. Danone N. Am. Pub. Benefit Corp., No. 22 C 7122, 2023 WL 4492354, at *3 (N.D. Ill. July 12, 2023) ("Where a claim revolves around large-scale misrepresentations or statements to consumers, the situs of material events is where the defendant made the underlying business decisions." (cleaned up)). And those "decisions would have been made by employees

9

of defendant[ ]," who are located in Utah.   Jaramillo, 664 F. Supp. 2d at 914.   Utah is also where defendant and its witnesses and documents are located.   For her part, it is not clear where plaintiff currently resides, and no doubt many unnamed class members will come from the several different states that form the multi-state class, and so they must travel whether this case stays here or is transferred to Utah.   Plaintiff, moreover, has not identified any witnesses based in Illinois who would be inconvenienced by transfer to Utah.   And again, she was content to litigate this case in California.

Moving on to the interests of justice, courts generally consider "docket congestion and likely speed to trial in the transferor and potential transferee forums," "each court's relative familiarity with the relevant law," "the respective desirability of resolving controversies in each locale," and "the relationship of each community to the controversy."   Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 978 (7th Cir. 2010).   These factors favor transfer or are neutral.

As for congestion and speed, the District of Utah appears to be less congested than this district, and has far fewer trials than this district, where the median time to trial for civil jury cases is 61 months.   See U.S. District Courts—Median Time From Filings to Trial for Civil Casses in Which Trials Were Completed (March 31, 2025), available at: https://www.uscourts.gov/data-news/data-tables/2025/03/31/federal-judicial-caseload-statistics/t-3.   Both this court and the District of Utah, moreover, can handle class actions.   What is more, although Count I alleges a claim under Illinois law, "federal courts have experience applying the law of foreign states."   Jaramillo, 664 F. Supp. 2d at 917.   And because Counts II-V allege claims under the laws of states other than Illinois, the presiding court will have to apply foreign

10

state law anyway—regardless whether this case remains here or is transferred to Utah. See Jasper, 2023 WL 4492354, at *7 ("Since Jasper's complaint invokes the consumer fraud acts of various states, this case would likely require any federal court to explore unfamiliar terrain."). Finally, the court finds that Utah has a greater connection to this multi-state class action than Illinois, because the majority of witnesses will likely be in Utah, the relevant alleged acts or omissions giving rise to the litigation took place in Utah, and Utah has an interest in adjudicating controversies involving a Utah corporation that employs many Utah residents.

In short, the court finds that this case should be transferred to the District of Utah for the convenience of parties and witnesses and in the interest of justice.

## CONCLUSION

For the above reasons, the court denies plaintiff's motion to transfer venue to the Northern District of California [26], and grants defendant's motion to transfer venue to the District of Utah [22]. The Clerk is directed to transfer this case to the United States District Court for the District of Utah forthwith.

So ordered.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: January 21, 2026**